FILED
Oct 23, 2020
09:01 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **RODNECIA A. JACKSON,** | ) | **Docket No. 2019-08-0846** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | **State File No. 9308 2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **AGRI GENERAL INS. CO.,** | ) | **Judge Amber Luttrell** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on Federal Express's Motion for Summary Judgment. The issue is whether Ms. Jackson filed her claim within the statute of limitations. For the reasons below, the Court holds she did not, and Federal Express is entitled to summary judgment.

### Procedural History

While working for Federal Express, Ms. Jackson became injured on December 15, 2016, when dust or debris flew into her left eye, causing irritation. She sought emergency treatment and was diagnosed with a corneal abrasion. Federal Express provided authorized treatment through early 2018, making the final payment for treatment on June 13, 2018. Ms. Jackson then sought unauthorized treatment. She filed a Petition for Benefit Determination (PBD) on August 12, 2019.

Federal Express filed this Motion for Summary Judgment, and Ms. Jackson filed responses to the Statement of Undisputed Facts and a response opposing the motion. The Court heard arguments on October 8, 2020.

### Facts

Federal Express filed five statements of undisputed material facts in compliance

1

with Tennessee Rules of Civil Procedure 56.03.[1] Ms. Jackson admitted facts one and two. The parties agreed Ms. Jackson reported an injury to her eye on December 15, 2016, and she sought emergency treatment resulting in a corneal abrasion diagnosis. Ms. Jackson disputed facts three through five and provided arguments in response to each.

Federal Express's statement three said that Ms. Jackson received authorized medical treatment from various physicians at Eye Specialty Group and the Southern College of Optometry. Ms. Jackson responded that she did not receive "all of the needed medical care related to the on-the-job injury[.]" The Court finds Ms. Jackson's response did not show a disputed issue of fact as to whether she received authorized treatment from the listed providers. Therefore, the Court deems statement three admitted.

In statement four, Federal Express asserted that the last payment for benefits was June 13, 2018, for treatment at the Eye Center at Southern College of Optometry in early 2018. Federal Express further stated it paid no temporary disability or medical benefits after June 13, 2018, and it cited the affidavit of its claims examiner.

Ms. Jackson disputed the June 13, 2018 payment date. She argued a claims adjuster stated in a June 27, 2018 letter that she would allow Ms. Jackson to have another evaluation. However, Ms. Jackson acknowledged the evaluation never occurred because the doctor had nothing further to offer. Ms. Jackson admitted that, "Employer/Carrier last payment was June 13, 2018." Because Ms. Jackson did not show a disputed issue of fact regarding the last voluntary payment date, the Court deems statement four admitted.

Finally, Ms. Jackson disputed statement five, which states that she filed her PBD for her December 15, 2016 work injury on August 12, 2019. However, she did not identify any fact in the record to dispute the filing date of her PBD. Thus, the Court deems statement five admitted.

Based on these facts, Federal Express argued the Court should grant summary judgment because it affirmatively negated an essential element of Ms. Jackson's claim—that she timely filed the PBD—*and* that the facts are insufficient for Ms. Jackson to prove this element. In response, Ms. Jackson invoked the discovery rule, arguing that she did not learn that her eye condition was work-related until 2020. Thus, Ms. Jackson contended her claim is not barred by the statute of limitations.

### Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[1] Statement three regarding Ms. Jackson's authorized treatment did not include a citation. However, the fact was supported by the affidavit of the claims examiner and Ms. Jackson's response.

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2019).

As the moving party, Federal Express must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of Ms. Jackson's claim, or (2) demonstrate that Ms. Jackson's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Federal Express meets this burden, Ms. Jackson must then show that the record contains specific facts upon which the Court could rule in her favor. *Rye*, at 265.

The essential element at issue here is compliance with the statute of limitations. Tennessee Code Annotated section 50-6-203(b)(2) provides that when benefits are initially paid, a claim shall be forever barred unless a PBD is filed within one year of the date of the last authorized treatment or payment for treatment.

The Court finds Federal Express proved it provided medical care for Ms. Jackson's December 15, 2016 injury; the last authorized treatment occurred in early 2018; it paid for the last visit on June 13, 2018; it did not make any further payments; and, Ms. Jackson filed her PBD more than one year later on August 12, 2019. These facts are sufficient for Federal Express to shift the burden to Ms. Jackson to produce specific facts upon which the Court could rule in her favor.

In response, Ms. Jackson argued the discovery rule applies. "The discovery rule provides that the statute of limitations 'is suspended until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.'" *Linsey v. Acadia Healthcare Co. d/b/a Delta Med. Ctr.-Memphis,* 2019 TN Wrk. Comp. App. Bd. LEXIS 17, at *13 (May 13, 2019) (internal citations omitted).

Ms. Jackson contended the statute of limitations should be suspended because she did not know her ongoing condition was work-related until 2020, but she did not submit a supporting affidavit. Instead, she offered letters from two authorized treating physicians, Dr. Dennis Mathews and Dr. Subba Gollamudi. They concluded her work-related corneal abrasion had healed, but they could not determine the cause of her other reported symptoms or relate them to her work injury.[2] Ms. Jackson argued that she treated on her own for ongoing symptoms and saw a provider in 2020, who believed she has possible corneal neuralgia due to her work injury.

Her argument is unpersuasive. Regardless of when Ms. Jackson learned of a possible diagnosis for her ongoing complaints, the undisputed material facts prove Ms.

---

[2] Federal Express also submitted these letters in support of summary judgment and attached them as Exhibit 11.

Jackson knew she sustained an acute compensable injury to her eye on December 15, 2016. The parties agreed she timely reported the injury, was diagnosed with a corneal abrasion, and received authorized treatment through early 2018 with a last payment for treatment on June 13, 2018. Thus, the Court holds the discovery rule does not apply to toll the statute of limitations, and her PBD was untimely filed.

Accordingly, Federal Express is entitled to summary judgment as a matter of law.

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Jackson's claim for workers' compensation benefits is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Federal Express under Tennessee Compilation Rules and Regulations 0800-02-21-.07, payable to the Clerk within five days of this order becoming final.

4. Federal Express shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED October 23, 2020.**

_Amber Luttrell_
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

4

## Appendix

**Exhibits**
1. Employer/Carrier's Motion for Summary Judgment
2. Affidavit of Carol Williams
3. Dr. David McMillan's record (December 17, 2016)
4. Order Setting Summary Judgment Hearing
5. Ms. Jackson's Motion for Extension of Hearing Date
6. Employer/Carrier's Response in Opposition
7. Order on Ms. Jackson's Motion for Extension
8. Ms. Jackson's Opposition to Employer/Carrier's Motion for Summary Judgment
9. Wage Statement
10. First Report of Injury
11. Dr. Subba Gollamudi and Dr. Dennis Matthews's causation opinions

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 23, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Rodnecia A. Jackson, Employee | X | X | rodneciajackson@yahoo.com<br>3734 Rainford Ave., Memphis, TN  38128 |
| Stephen Miller, Employer's Attorney | | X | smiller@mckuhn.com<br>mdoherty@mckuhn.com |

_Penny Shrum_
**Penny Shrum, Court Clerk**
wc.courtclerk@tn.gov



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____ issued

by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____  ☐Employer ☐Employee

Appellee's Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

#### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*__ [Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____         _____

_____         _____

_____         _____

_____         _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____